UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY A. ROTHSCHILD<br>a/k/a Jeffrey A. Zahler<br><br>Defendant. | Criminal No. 06-0220<br>CKK/DAR |

**FILED**

**JUL 3 1 2006**

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

### I. INTRODUCTION

Defendant is charged by indictment with one count of bank fraud in violation of 18 U.S.C. § 1344(2) (Count I), and one count of fraud in connection with identification documents in violation of 18 U.S.C. § 1028(a)(7). A detention hearing was conducted by the undersigned United States Magistrate Judge on July 21, 2007.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

### II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."

United States v. Rothschild                                                                                              2

18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir.1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

Counsel for the government and counsel for Defendant proceeded by proffer. Counsel for the government proffered that Defendant was not gainfully employed and did not have a stable residence. Additionally, the government proffered that in association with the charges against

United States v. Rothschild                                                                                      3

the Defendant, the government seized documents bearing seven separate identities. In further support of the government's request for pretrial detention, counsel for the government proffered the contents of the report prepared by the Pretrial Services Agency, which indicates that Defendant has an extensive criminal history and is currently on supervised release for a conviction for access device fraud in the Southern District of New York. Counsel for the government further proffered that Defendant was in abscondance from his supervision in New York. Finally, counsel for the government proffered that the Pretrial Services Agency report indicates that Defendant has a prior conviction for "bail jumping."

      Counsel for Defendant requested that Defendant be released on his personal recognizance with conditions. Counsel for Defendant proffered that while Defendant has an extensive criminal history, the Defendant's last arrest occurred in 1996. Counsel for Defendant proffered that Defendant resided in California at an inn. In further support of his request to be released on conditions, Defendant's counsel proffered that Defendant suffers from a heart condition and that his health could be better maintained if he were released. Defendant did not dispute that he was in abscondance from his supervision in New York.

## IV. **FINDINGS OF FACT**

      Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearance in court. First, the nature and circumstances of the offense charged indicate that Defendant used false identification documents to defraud the United States and also committed bank fraud.

      Second, for the reasons proffered by counsel for the government, the undersigned finds

United States v. Rothschild                                                                 4

that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. Of particular significance that Defendant does not dispute that he absconded from supervision in the Southern District of New York; has previously been convicted of "bail jumping"; and that evidence was seized which indicates that he had utilized at least seven identities other than his own.

Finally, the undersigned finds that the government's evidence, coupled with Defendant's poor record of amenability to community supervision, compel the conclusion that no conditions would reasonably assure his appearance in court.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the July 21, 2006 Order of Detention.

DEBORAH A. ROBINSON
United States Magistrate Judge

July 31, 2006
DATE

July 21, 2006
NUNC PRO TUNC