U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 23, 2006

**FILED**

**AUG 2 8 2006**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Lara G. Quint, Esquire
Assistant Federal Public Defender
Office of the Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

      Re:    *United States v. Jeffrey Alan Rothschild aka Jeffrey Alan Zahler*
           **Criminal Number 06-220 (CKK)**

Dear Ms. Quint:

      This letter sets forth the full and complete plea offer to your client, Jeffrey Alan Rothschild aka Jeffrey Alan Zahler, from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). Any guilty plea pursuant to this offer must be entered in court at the status conference currently scheduled for August 28, 2006. If your client accepts the terms and conditions of this offer, please have him execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

      1.    Your client agrees to waive further action by a grand jury and plead guilty to a Superseding Information, a copy of which is attached, in violation of the following statutes: 18 U.S.C. § 1344 (Bank Fraud); 18 U.S.C. § 1341 (Mail Fraud); 18 U.S.C. § 1956(a)(1)(B)(i) (Money Laundering); and 18 U.S.C. § 982 (Criminal Forfeiture) of $20,900.00. In addition, your client agrees not to oppose an order of restitution to the victims of his offenses.

      2.    Your client understands that the charges to which he will plead guilty carry the following maximum statutory penalties:

- 18 U.S.C. § 1344 (Bank Fraud). A violation of this statute carries a maximum statutory penalty of thirty (30) years imprisonment; a three-year term of supervised release; a fine of $1,000,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d); a $100 special assessment; and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

- 18 U.S.C. § 1341 (Mail Fraud). If the Court concludes that a violation of this statute affected a financial institution, it carries a maximum statutory penalty of thirty (30) years imprisonment; a three-year term of supervised release; a fine of $1,000,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d); a $100 special assessment; and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Otherwise, a violation of this statute carries a maximum statutory penalty of twenty (20) years imprisonment; a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d); a $100 special assessment; and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

- 18 U.S.C. § 1956(a)(1)(B)(i) (Money Laundering). A violation of this statute carries a maximum sentence of twenty (20) years imprisonment; a fine of $500,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d); a $100 special assessment; and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

3.      In addition, your client understands that pursuant to Section 5E1.2 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), the Court also may impose a fine that is sufficient to pay the Government the costs of any imprisonment, term of supervised release and period of probation.

4.      In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Joint Statement of Offenses. In addition, at the time of sentencing, the Government will move to dismiss both counts of a two-count Indictment currently pending against your client in the United States District Court for the District of Columbia. Your client agrees that with respect to any and all dismissed charges, he is not a "prevailing party" within the meaning of the Hyde Amendment, Section 617, P.L. 105-119 (Nov. 26, 1997), and that he will not file any claim under that law.

**Factual Stipulations**

5.      Your client agrees that the attached Joint Statement of Offenses fairly and accurately describes his actions and involvement in the offenses to which he is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Joint Statement of Offenses as a written proffer of evidence.

**Waiver of Constitutional and Statutory Rights**

6.      Your client understands that by pleading guilty in this case, he agrees to waive certain rights afforded to him by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel; to confront and cross-examine witnesses against him; to compel witnesses to appear and to testify and present other evidence on

his behalf; and to choose whether to testify. If your client chose not to testify at a jury trial, he would have the right to have the jury instructed that his failure to testify could not be held against him. Your client further would have the right to have the jury instructed that he is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If your client were found guilty after a trial, he would have the right to appeal the conviction.

7. Your client understands that the Fifth Amendment to the Constitution of the United States protects him, in certain circumstances, from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

8. Your client also understands that as part of the entry of this guilty plea, he specifically waives any rights to a speedy trial or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*

**Sentencing Guidelines Stipulations**

9. Your client further understands that he will be sentenced according to 18 U.S.C. § 3553(a) and 3553(c) through (f), upon consideration of the advisory Sentencing Guidelines, which will apply to determine his guideline range. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree that, based on the best information known to them at the time of this Plea Agreement, the following Guidelines calculations apply:

| | | |
|---|---|---|
| 2B1.1(a)(1) | Base offense level | 7 |
| 2B1.1(b) | Specific offense characteristics | |
| (1)(F) | Loss more than $120,000 but less than $200,000 | +10 |
| (2)(B) | More than 50 victims | +4 |
| (10)(C)(ii) | Possession of 5 or more fraudulent means of identification | +2 |
| 2S1.1(a)(1) | Base offense level | 23 |
| 2S1.1(b) | Specific offense characteristics | |
| (2)(B) | Conviction under 18 U.S.C. § 1956 | +2 |
| 3E1.1(b) | Acceptance of responsibility | -3 |
| Total adjusted offense level | | 22 |

10. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of the applicable Sentencing Guidelines provisions contained herein.

### Criminal History Category

11. Based on the best information available to the parties at the time of this Plea Agreement, including representations by the defense, the parties agree that your client's Criminal History Category is VI.

### Applicable Guideline Range

12. The calculations set forth in this agreement, including your client's Criminal History Category, are not binding on the Court or the United States Probation Office, and are being provided by the parties as the most likely minimum sentence that will apply in accordance with the Sentencing Guidelines. The parties agree that these calculations, as set forth above, constitute a reasonable sentence, one which sets your client's Guidelines range at 84 to 105 months ("Stipulated Guidelines Range"). In addition, the parties agree that should the Court impose a fine, at Guidelines offense level 22, the applicable and reasonable fine range is $7,500 to $75,000.

### Sentencing Allocution

13. Both parties agree not to seek a sentence outside the Stipulated Guidelines Range or such other sentencing range as the Court may determine. Nothing in this Plea Agreement, however, limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other sentencing range as the Court may determine) your client should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that your client's adjusted offense level or criminal history category is different from that set forth above.

14. Nothing in this Plea Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw his guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Plea Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Plea Agreement.

### Court Not Bound by Plea Agreement

15. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or any other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Court Not Bound by Non-Mandatory Sentencing Guidelines**

16. It is understood that the sentence to be imposed upon your client is to be determined solely by the Court and that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that his entry of a guilty plea to the charged offenses authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw his plea of guilty should the Court impose a sentence outside the Guidelines range.

**Restitution**

17. In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court.

18. In addition to any restitution that may be ordered by the Court, your client agrees to make restitution in the following amounts to the following victims:

| | |
|---|---|
| United States Government | $76,358.00 |
| American Express | $14,609.42 |
| Bank Atlantic | $2,500.00 |
| Bank of America | $7,535.35 |
| Chase Bank | $111.49 |
| Commerce Bank | $27,897.83 |
| Wachovia | $127.72 |

Your client specifically agrees to make restitution to all victims of his criminal conduct and not merely to those victims included in the counts to which he agrees to plead guilty. Your client agrees to make restitution no later than the end of the period of supervised release. Your client understands that if he fails to make such agreed-upon restitution, the Government may seek to void this Plea Agreement.

**Forfeiture**

19. Your client agrees to identify all assets over which he exercises or exercised control, directly or indirectly, within the past twelve months, beginning on or about September 1, 2005, and continuing to the present, or in which he has or had during that time any financial interest. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of his tax returns for the previous five years. Your client agrees to forfeit to the United States all of his interests in any asset of a value of more than $1000

that, within the last twelve months, he owned, or in which he maintained an interest, the ownership of which he fails to disclose to the Government in accordance with this Plea Agreement.

20. Your client agrees to forfeit all interests in any asset which constitutes proceeds of any money laundering transaction that he currently owns, has previously owned or over which he currently, or has in the past, exercised control, directly or indirectly, and any property he has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense(s), including, but not limited to, the following specific property: (1) a money judgment in the amount of $129,139.81; and (2) a 2005 Mazda automobile VIN JM1NB354550413407. Your client warrants that he purchased the automobile listed above with proceeds of his fraud schemes. Your client also agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of his interests in property covered by this Plea Agreement.

21. Your client further agrees to waive all interests in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Your client agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

22. Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Your client acknowledges that all property covered by this Plea Agreement is subject to forfeiture as (1) "proceeds of illegal conduct"; (2) "property involved in illegal conduct giving rise to forfeiture"; and/or (3) "substitute assets for property otherwise subject to forfeiture."

### Release/Detention

23. Your client agrees not to object to the Government's recommendation to the Court at the time of the entry of his guilty plea in this case that, pursuant to 18 U.S.C. § 3143, he be detained without bond pending his sentencing in this case.

### Breach of Agreement

24. Your client understands and agrees that if, after entering this Plea Agreement, he fails specifically to perform or to fulfill completely each and every one of his obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, he will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under

the Plea Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation, or after entry, of this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

25. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

26. Your client understands and agrees that the Government shall be required to prove a breach of this Plea Agreement only by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

27. Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, or to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to his obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. In the event of such a breach, however, your client will not be allowed to withdraw his guilty plea.

### Waiver of Statute of Limitations

28. It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of your client in entering this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

### Waiver of Right to DNA Testing

29. By entering this plea of guilty, your client waives any and all right he may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of

the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and therefore will not be available for DNA testing in the future.

### Complete Agreement

30. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

31. Your client further understands that this Plea Agreement is binding only upon the United States Attorney's Office for the District of Columbia. This Plea Agreement does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including but not limited to the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury, or any state or local prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client. Furthermore, this Plea Agreement does not affect any post-conviction proceedings that may follow in the Southern District of New York or elsewhere.

32. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Plea Agreement in the space indicated on the next page and returning the original document to us once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

_Kenneth L. Wainstein_ /aw
KENNETH L. WAINSTEIN
United States Attorney

_[signature]_
JESSIE K. LIU
BARBARA E. KITTAY
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Lara G. Quint, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 8/25/06

JEFFREY ALAN ROTHSCHILD
aka JEFFREY ALAN ZAHLER
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 8/25/06

LARA G. QUINT, ESQUIRE
Counsel for Defendant