**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal Nos.  06-220 (CKK)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JEFFREY ROTHSCHILD,** | : | |
| | : | |
| **Defendant.** | : | **Sentencing: December 1, 2006** |
| | : | |
| _____ | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision.[1] Consistent with the U.S. Sentencing Guidelines and the plea agreement in this case, the government recommends a sentence in the range of 84-105 months.

A.  Procedural Background

On August 28, 2006, defendant Jeffrey Rothschild pleaded guilty to a three-count Criminal Information, which expanded and replaced an earlier two-count indictment returned by the grand jury.  The first count of the Criminal Information re-alleged Count I of the indictment, charging Bank Fraud, in violation of 18 U.S.C. §1344, in

_____

[1] Contemporaneous with this pleading, the government is filing the "Government's Motion for Preliminary Order of Forfeiture," requesting that this Court enter a separate Order, at the time of sentencing, consistent with the plea agreement.

-2-

connection with a check kiting scheme in New York, Virginia, and the District of Columbia.  Count 2 of the Criminal Information added Mail Fraud, in violation of 18 U.S.C. §1341, in connection with over fifty (50) fraudulent claims against the Federal Emergency Management Agency (FEMA) for Hurricane Katrina relief, which resulted in the mailing of checks to prearranged mail "drops" and the deposit of those funds into an investment account.  Finally, Count 3 of the Criminal Information charges Money Laundering, in violation of 18 U.S.C. 1956, in connection with the deposit of the proceeds of the frauds in a manner designed to conceal the true ownership and control of the funds.  Critical to the facilitation of these frauds was the theft and misuse of the means of identification of dozens and dozens of victims.

This defendant has spent a lifetime in pursuit of money, not through hard work but rather, by stealing the identities of real people and using these identities to take money, benefits, merchandise and credit.  He committed the offenses in this case while on supervised release for similar convictions in the Southern District of New York.  It was inevitable that FEMA's monetary response to a terrible human tragedy would collide with the defendant's perpetual search for a scam.  Now, facing prison again at age 60, the defendant has earned a lengthy prison sentence, and should be given no further consideration than that which he has already received as a result of his plea agreement.

-3-

B.   The Plea Agreement and Sentencing Guidelines Analysis

As noted above, the parties have agreed to a stipulated sentencing range of 84 to 105 months.  *See* Plea Agreement at page 4, ¶¶ 12-13.  This range is grounded in what the parties believe to be a reasonable calculation of the U.S. Sentencing Guidelines, as follows:  the base offense level for fraud is 7 (§2B1.1(a)(1)); increased by 10 levels for a loss between $120,000 and $400,000 (§2B1.1(b)(1)(F)); increased 4 levels for greater than 50 victims (§2B1.1(b)(2)(B)); increased by 2 levels for possession of five or more fraudulent means of identification (§2B1.1(b)(10)(C)(ii)); increased by 2 levels for money laundering under §1956 (§2S1.1(b)(2)(B)); and decreased by 3 levels for early acceptance of responsibility (§3E1.1(b)), to a **total adjusted offense level 22**. This calculation includes loss due to other frauds admitted to by the defendant and constituting relevant conduct.[2]  It also contemplates that the Department of Probation will find (as it now has) the that defendant is in **criminal history category VI**.  The guidelines range for offense level 22, criminal history category VI is **84 to 105 months,** the stipulated range.

Thus, we assure the Court that the stipulated sentencing range does not confer any undue benefit to the defendant.  It affords him

---

[2]   The defendant has admitted to another scam involving fraudulent use of American Express credit cards.  In addition to these amounts being included in the calculation of loss, the defendant has also agreed to make appropriate restitution.

-4-

maximum consideration for acceptance of responsibility; it also
assures that neither party will argue for a non-guidelines sentence
or for a sentencing guidelines departure of any kind.  In the
interest of full disclosure, the government also advises the court
that an additional benefit that accrues to the defendant as a result
of this plea agreement is the government's agreement not to charge
the defendant in this district with numerous potential counts of
aggravated identity theft, in violation of 18 U.S.C. §1028A,
pursuant to which each charge would carry a mandatory consecutive
sentence of two years.  *See* 18 U.S.C. §1028A(b).  The defendant has
admitted that he committed aggravated identity theft in other venues
and the plea agreement does not prohibit authorities in the other
venues from bringing additional charges against the defendant.

C.   The Defendant Deserves No Less Than
the Sentence For Which he Bargained

As reflected in the Presentence Report ("PSR"), the defendant
has been involved in fraud -- consistently -- for more than 25
years.  Historically, he has no verifiable legitimate employment.
Ever.  He has engaged in schemes both petty and grand, and although
he has become quite skillful in identity theft, his schemes that
involve stolen identities are rather common.

The current crimes of conviction demonstrate that the defendant
is unrelentingly persistent, varying his methods to make maximum use
of the stolen identities.  His FEMA fraud may seem no more than a
crime of opportunity, in that it takes advantage of a federal agency

-5-

focused on rapidly sending funds to storm victims, with verification to follow, after the fact. This crime involved no more than filling out forms obtained from the Internet, and e-mailing them back to FEMA with the identification factors he had previously stolen. The defendant's bank fraud was more complicated, reflecting a careful planning of check kiting (again, using stolen identities), and the layering of multiple transactions, to effectuate banking withdrawals that race out ahead of the banks' ability to retrace the funds supporting the many commercial instruments and transfers. At the same time, the defendant was traveling rapidly around the country, attempting to avoid detection and apprehension.

Rather than put his education and skills to legitimate use, this defendant has developed his years and years of criminal training into a small business of theft. He claims to support a wife with the proceeds of his criminal endeavors; more likely, he has deprived her, through the years, of any support whatsoever and of the incentive to pursue a different life with legitimate income.

Although a sentence within the stipulated range would constitute the longest term to which the defendant has ever been sentenced, the government believes that no further leniency is unwarranted. Even if the plea agreement permitted the defendant to seek additional credit (which it does not), the defendant has no available argument for leniency. First, it is not as if the defendant was poor or uneducated -- he has a college degree.

-6-

Second, it is not as if he stole small amounts of money in times of need -- rather, he made his living committing multiple frauds, all at once, over and over again until he was arrested.  Third, it is not as if the defendant's behavior was aberrant -- indeed, his criminal history reflects a persistent recidivist, committing crimes even while under supervision.  Finally, the defendant has taken advantage of a generous plea agreement that does not impose upon him multiple counts with consecutive mandatory sentences.

The defendant may claim to have a gambling problem, but even if this is true, it should be clear by now that he has had a lifetime full of opportunities to solve the problem, with no success.  In the end, it appears that the only way to protect the public from this defendant's behavior is to isolate him for a long period of incarceration.  The government stands by the plea agreement, but would oppose any further argument for leniency, both because any such request from the defendant would violate the terms of his plea agreement and because it is unwarranted.

* * *

-7-

WHEREFORE, the government recommends a sentence within the stipulated range of **84 to 105 months'** incarceration.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number 498610

By: _____

BARBARA E. KITTAY
Assistant U.S. Attorney
D.C. Bar Number 414216
United States Attorney's Office
555 Fourth Street, N.W. Rm. 4846
Washington, D.C.  20530
Tel. (202) 514-6940
Barbara. Kittay @usdoj.gov