UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ALAN ROTHSCHILD, | : | Criminal No. 06-220 (CKK) |
| | : | |
| *also known as* | : | |
| JEFFREY ALAN ZAHLER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE

In preparation for the sentencing hearing in the above-captioned case, the United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Fed. R. Crim. P. 32.2, for a Preliminary Order of Forfeiture against the defendant Jeffrey Alan Rothschild, to be entered at sentencing and announced in the defendant's presence.  A proposed Preliminary Order of Forfeiture is submitted with this motion.

### Procedural History

On August 25, 2006, the Government filed a three-count Superseding Information alleging that defendant Rothschild employed a scheme to defraud and obtain funds and property of others by false and fraudulent pretenses and representations, in violation of Title 18, United States Code, Sections 1341 and 1344, and committed money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).  In addition, the defendant's Information included a Forfeiture Allegation by which the United States sought the forfeiture of property, pursuant to Title18, United States Code, Section 982(a)(1), that was involved in the money laundering offense set forth in the Information.

-2-

On August 28, 2006, defendant Rothschild pleaded guilty to: (1) Bank Fraud, in violation of Title 18, United States Code, Section 1344; (2) Mail Fraud, in violation of Title 18, United States Code, Section 1341; and (3) money laundering, in violation of Title 18, United States Code, Section 1956). Defendant Rothschild also agreed to forfeiture of the property set forth in the Information, and the guilty plea also established the requisite nexus between the property and the money laundering offense committed by the defendant.

**Argument**

The Court's jurisdiction in this matter is founded upon Title 18 United States Code, Section 982(a)(1), which provides for forfeiture of all property involved in money laundering (in violation of Title 18, United States Code, Section 1956), or any property traceable to such property. At sentencing, the Court must announce the forfeiture portion of the defendant sentence, in his presence. United States v. Gaviria, 423 F.3d 1498 (D.C. Cir. 1997) (*citing* Fed. R. Crim. P. 43(a)).

In light of the defendant's impending sentencing and the identification of the property in the Information as being subject to forfeiture, the Government submits that forfeiture is now mandatory. See United States v. Monsanto, 491 U.S. 600, 606 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applies..."); United States v. Gilbert, 244 F.3d 888, 909 (11th Cir. 2001) ("forfeiture is a mandatory element of sentencing") (emphasis in original); United States v. Corrando, 227 F.3d 543, 552 (6th Cir. 2000) (forfeiture is a mandatory aspect of the sentence; district court erred in refusing to order forfeiture of "sufficiently quantifiable" proceeds of RICO offense); United

-3-

States v. Johnston, 199 F.3d 1015, 1022 (9th Cir. 1999) (criminal forfeiture is mandatory and designed to ensure that a defendant does not profit from his crimes).

Rules 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provide, in pertinent part, that:

> (1) As soon as practicable after a verdict . . . on any count in the indictment . . . with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. . . . The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.
>
> (2) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> (3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence the proceedings that comply with any statutes governing third-party rights. At sentencing -- or at any time before sentencing if the defendant consents -- the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. . . .

Thus, Rules 32.2(b)(1) and (2) require the entry of a Preliminary Order of Forfeiture after the Court has determined what property is subject to forfeiture. Based on the evidence presented at the defendant's guilty plea, the Government submits that the United States has established the requisite nexus between the property specified in the Information and the money laundering

-4-

offense. Accordingly, that property is subject to forfeiture pursuant to Title 18, United States Code, Section 982.

\* \* \* \* \*

WHEREFORE, the United States respectfully requests that at sentencing, this Court announce in the defendant's presence the forfeiture portion of his sentence and additionally, that the Court enter the attached Preliminary Order of Forfeiture forfeiting to the United States the property described in the Forfeiture Allegation of the Information.

                          Respectfully submitted,

                          JEFFREY A. TAYLOR
                          United States Attorney
                          D.C. Bar Number 498610

By: _____
        Barbara E. Kittay
        D.C. Bar Number 414216
        Assistant United States Attorney
        United States Attorney's Office
        Criminal Division
        555 Fourth Street, N.W., Room 4846
        Washington, D.C.  20530