UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | |
| JEFFREY ALAN ROTHSCHILD, : | Criminal No. 06-220 (CKK) |
| : | |
| *also known as* : | |
| JEFFREY ALAN ZAHLER, : | |
| : | |
| Defendant. : | |
| : | |

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on August 28, 2006, Defendant, Jeffrey Alan Rothschild a/k/a Jeffrey Alan Zahler, was found guilty of felony violations, that is, employing a scheme to defraud and obtain funds and property of others by false and fraudulent pretenses and representations, in violation of Title 18, United States Code, Sections 1341 and 1344, and money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

WHEREAS, the Information also alleged the forfeiture of certain property, which property is subject to forfeiture pursuant to Title18, United States Code, Section 982(a)(1)(A), as property involved in money laundering;

WHEREAS, this Court has determined based on the evidence presented at Defendant's guilty plea, the following property is subject to forfeiture pursuant to Title18, United States Code, Section 982(a)(1)(A) and that the Government has established the requisite nexus between such property and violations of Title 18, United States Code, Section 1956;

-2-

WHEREAS, as a result of the offense in Count of the Information, for which Defendant was found guilty, a money judgment in the amount of $20,900 shall be entered against Defendant as the sum in the aggregate attributable to his money laundering.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. That this Preliminary Order of Forfeiture is entered in accordance with Fed. R. Crim. P. 32.2(b)(2), concerning the following property, and is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A):

<u>Money Judgment</u>

$20,900.00 which represents the sum of money equal to the total amount of money involved in money laundering, in violation of 18 U.S.C. § 1956. Fed. R. Crim. P. 32.2(b)(1).

2. That upon entry of this Order, the United States Attorney is authorized to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, or substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3).

3. The United States may publish notice of the Order and its intent to dispose of the specifically identifiable Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. (No such notice is required to the extent that this Order consists solely of a money judgment against Defendant. Rule 32.2(c)(1).) Any person, other than the above-named Defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject

-3-

Property, and for an amendment of the Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 2253.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

5. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

6. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 18 U.S.C. § 2253 for the filing of third party petitions.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

-4-

9. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Barbara E. Kittay, United States Attorney's Office, 555 Fourth Street, N.W., Washington, D.C. 20530.

**SO ORDERED.**

Dated this _____ day of _____, 2006.

_____
COLLEEN KOLLAR-KOTELLY
United States District Court Judge

cc:  Barbara E. Kittay
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
*Counsel for United States*

Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
*Counsel for Defendant*