IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal No. 06-220 (CKK) |
| ) | |
| JEFFREY ROTHSCHILD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Jeffrey Rothschild, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Rothschild respectfully asks the Court to sentence him to a period of incarceration of 84 months.

### BACKGROUND

On August 28, 2006, Mr. Rothschild pled guilty to a three-count Superceding Information charging him with Bank Fraud, in violation of 18 U.S.C. § 1344 (Count One), Mail Fraud, in violation of 18 U.S.C. § 1341 (Count Two), and Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(ii) and B(I). Pursuant to the written plea agreement, Mr. Rothschild consented to criminal forfeiture and restitution. Both the government and Mr. Rothschild agreed not to seek departures from the advisory Guideline range provided for in the United States Sentencing Guidelines.

## DISCUSSION

**I.     THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, _ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances

of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

>Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

>No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

>[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

**II.    UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. ROTHSCHILD SHOULD RECEIVE A SENTENCE OF EIGHTY-FOUR MONTHS**

   A.   Statutory Provisions

Pursuant to the applicable statutes, the maximum term of imprisonment is 30 for the offense charged in Count One. For the offenses charged in Counts Two and Three, the maximum term of imprisonment is 20 years.

B.   Advisory Sentencing Guidelines

(I).   *Applicable Guideline Range*

The Probation Office, consulting the 2005 edition of the Guidelines Manual, has concluded that the Total Offense Level is 22 and that Mr. Rothschild's criminal history category is VI, resulting in an advisory Guideline range of 84-105 months.

While Mr. Rothschild does not contest the calculations, he objects to the phrasing of paragraph 42, page 13. Mr. Rothschild maintains that, when he purchased the properties in question, the housing market was stable. Later, when Mr. Rothschild was incarcerated, the rental market eroded. While Mr. Rothschild did not make mortgage payments the second year, from jail, he did make payments throughout the first year.

C. Other Factors

While Mr. Rothschild is not seeking a sentence outside the applicable Guideline range, he nevertheless submits that an analysis of additional sentencing-relevant factors is appropriate. As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other

correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

---

*I. Nature of the Offense*

The crimes to which Mr. Rothschild pled guilty not only are serious offenses but, as the government noted in its Memorandum in Aid of Sentencing, reflect a pattern of fraud-related activity. While Mr. Rothschild's criminal history is certainly problematic, it seems evident–and relevant–that it stems from an underlying problem or addiction. As documented in the Presentence Investigation Report (hereinafter, "PSR"), Mr. Rothschild has suffered from gambling and alcohol addictions since the 1980s. His addictions have sent him into destructive cycles culminating in the accrual of significant debts and a series of fraudulent offenses aimed at repaying them.  As further indicated in the PSR, Mr. Rothschild has, at various times, sought treatment for both his gambling and alcohol addictions. While his substance abuse and gambling problems do not excuse or justify the choices Mr. Rothschild has made, they do help explain his mental state and motivations. Mr. Rothschild has never led an extravagant lifestyle or used the money obtained from his fraudulent schemes to ensure extravagant lifestyles for his loved ones. Rather, he has been trapped in an addictive cycle and has failed to acquire the tools necessary to deal constructively, rather than destructively, with his problems.

The nature of the offense at issue in this case, when taken in conjunction with Mr. Rothschild's criminal history, highlights the need for a sentence that addresses rehabilitation as well as punishment. Mr. Rothschild has never committed a violent crime or engaged in serious drug-related activities.[1] While his theft- and fraud-related offenses began over twenty years ago, Mr. Rothschild has never spent more than approximately four and a half years in prison. A sentence of 84 months, incorporating treatment, would certainly serve as hefty punishment.

*II. Characteristics of the Defendant*

Mr. Rothschild is nearing sixty and has experienced two heart attacks in the last two years. While he has been absent for prolonged periods due to his criminal history, he has been married to his wife, Rebecca, for almost thirty years. It is evident to anyone who spends time with Mr. Rothschild that he cares–and worries–about Rebecca a great deal. In recent years, Mr. Rothschild's wife has developed mental and emotional problems; this development has caused Mr. Rothschild much anxiety.

Despite the fact that he has used his intelligence in damaging ways, Mr. Rothschild is extremely bright. He knows full well that he has a problem and acknowledges that he has failed to deal with either his alcoholism or gambling addictions in productive ways. While he has been "clean" for various periods, he has had relapses when faced with difficulties whose solutions seem beyond reach.

When Mr. Rothschild has been arrested, he has not only accepted responsibility for his actions but has sought to cooperate with law enforcement. In the instant case, Mr. Rothschild

---

[1] Mr. Rothschild does apparently have one prior conviction from 1975 for transporting LSD with the intent to sell. PSR, at ¶ 38.

agreed to plea immediately and, indeed, pled guilty the second time that he appeared before this Court. While no cooperation agreement was entered into, Mr. Rothschild met with government prosecutors and agents and discussed his criminal activity openly and at length. He did not file motions, request a motions hearing or trial, or otherwise unnecessarily deplete judicial resources. Mr. Rothschild is indeed receiving a benefit from the plea into which he entered, but that should not take away from the fact that he spared both prosecutors and the Court considerable time, energy and effort.

Should the Court sentence Mr. Rothschild to even the low end of 84 months, he would be released from incarceration in his late sixties. Given his age, health, and family problems on the one hand, coupled with his ready acceptance of responsibility on the other, Mr. Rothschild should spend no more than 84 months in prison. A sentence longer than 84 months is not necessary either in terms of punishment or rehabilitation. Mr. Rothschild knows he needs help and is willing to seek it. Whatever time he does in the instant case will represent a marked increase over any time he has previously spent incarcerated.

### III. Needs of the Community and Public

For the reasons stated in Section II, a sentence of incarceration above 84 months would do no more than impose additional punishment on Mr. Rothschild for his criminal activity. While punishment is certainly one of the purposes of sentencing, it is not the sole purpose–and, arguably, in a case such as this, not the primary purpose at this juncture. What will protect Mr. Rothschild from further gambling and alcoholism and, as a result, the community from further criminal activity, is a sentence that focuses on rehabilitation in the form of emotional counseling and substance-abuse treatment. Mr. Rothschild's record clearly shows that imprisonment alone is

not what he requires as a deterrent. Mr. Rothschild needs to develop the skills that will enable him to cope with problems that seem overwhelming without resorting to destructive–and self-destructive–activity.

## **CONCLUSION**

      For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Rothschild asks the Court to sentence him to a period of 84 months' incarceration. Such a sentence is consistent with the plea agreement, is within the advisory Guideline range and would be sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ex.126