HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | : | Docket No.: <u>06-CR-220</u> |
| --- | --- | --- |
| vs. | : | SSN: |
| ROTHSCHILD, Jeffrey | : | Disclosure Date: <u>October 13, 2006</u> |

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____     10-26-2006
Prosecuting Attorney                Date

### For the Defendant

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____     _____     11/3/06
Defendant            Date            Defense Counsel          Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **October 27, 2006**, to U.S. Probation Officer **Kelli Griffin Cave**, telephone number **(202) 565-1357**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Gennine A. Hagar, Acting Chief
    United States Probation Officer



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

October 27, 2006

Ms. Kelli Griffin Cave
United States Probation Officer
U.S. Department of Probation
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Dear Ms. Cave:

    Re: <u>United States</u> v. <u>Jeffrey Rothschild</u>
         Criminal Number 06-220 (CKK)

    This is to acknowledge that the government has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The government further acknowledges the following material, factual inaccuracy in the report:

    In paragraph 75 ("Impact of the Plea Agreement"), the impact is overstated. As we have discussed by telephone, the dismissal of the first charging document in this case (the indictment, which was later replaced by a criminal information) has very little effect on the calculation of the offense level under the U.S. Sentencing Guidelines, because Count 1 of the indictment was re-alleged (virtually verbatim) as Count 1 of the subsequent criminal information.

    With respect to the pending dismissal of Count 2 of the original indictment, we agree that the replacement of the charging document has an effect, in that Count 2 (charging 18 U.S.C. §1028A) would have required the imposition of a two-year consecutive mandatory minimum. We note, however, that the imposition of this consecutive mandatory minimum, might have resulted in a lower adjusted offense level, under USSG §2B1.6, Application Note 2, which directs that the court not apply the enhancement that we have otherwise applied, under USSG §2B1.1(b)(10)(C)(ii), for use of someone else's "means of identification."

    Finally, we note that the figure that most appropriately reflects the loss in this case, for the application of USSG §2B1.1(a), is the restitution estimate. You should not add the

-2-

transaction amounts in the various tables in the charging documents, because the tables reflect multiple transactions involving the same funds. As such, the multiple transactions demonstrate repetitive churning of the same sums of money, in order to layer and disguise the true ownership and fraudulent nature of the funds. Also, the funds involved in uncharged conduct that you are appropriately considering as "relevant conduct," does not result in a loss greater than $200,000. We believe, therefore, that the 10-level enhancement (more than $120,000, but less than $200,000) is correctly applied.

    I appreciate this opportunity to participate in the drafting of the Presentence Investigation Report; I look forward to continuing to work with you on this case; and I thank you for a job well done. Please feel free to call me (at 514-6940) to discuss these comments, or if I can be of any further assistance to you.

                              Sincerely,

                              Jeffrey A. Taylor
                              United States Attorney

                     By: *Barbara E. Kittay* (signature)
                           Barbara E. Kittay
                           Assistant U.S. Attorney

cc:   Lara Quint, Esquire